SAMUEL B. LOVE, APPELLANT, VS. H. H. SHEFFELIN & Co., APPELLEES.

Attorneys and Officers of the Court are prohibited by law from signing appeal and other bonds for their clients, on pain of having the proceeding dismissed, and of being held in contempt of Court.

This was a rule against Samuel B. Love, Sheriff of Gadsden County, entered on the 5th day of March, 1855, to shew cause why the money collected by him on a certain *fi. fa.* wherein Sheffelin & Co., were plaintiffs, and B. S. Hawley, was defendant, should not be paid to said plaintiffs. The said Love answered that he had been served with a notice from Clinton Thigpin, Administrator &c., of B. S. Hawley, that a motion would be made for a rule against him to pay over the said moneys in hand to said Thigpin, administrator as aforesaid, and also notifying him that the estate of said Hawley is insolvent, and the whole of said estate, including the money in the hands of said Love, is by law required to be distributed *pro rata* among all the creditors of said estate. The said Love also answered, submitting his willingness to pay over the money to whomsoever it may be adjudged to belong.

The said Love afterwards filed his bill of interpleader, setting forth more fully the matters aforesaid, to which a demurrer was filed, which demurrer was sustained, the bill dismissed and the rule to show cause aforesaid made absolute.

The said Love prayed for and obtained an appeal, and gave as sureties on his appeal bond, James M. Smith, present Sheriff of Gadsden County, and E. C. Love, an Attorney-at-Law, practising in Gadsden Circuit Court.

The appellees moved to dismiss the appeal on the ground that by the rules of Court the said J. M. Smith, Sheriff, and E. C. Love, attorney at Law, are prohibited from becoming sureties on the said appeal bond.

*D. P. Holland*, for the motion.

*W. G. M. Davis*, Contra.

BALTZELL, C. J., delivered the opinion of the Court.

A motion is made to dismiss the appeal in this case, on the ground that those who have signed their names as securities to the appeal bond are prohibited by rule of Court from occupying this relation to any suitor. It is not controverted that one of them is an attorney of the Circuit Court, and the other the Sheriff of the county of Gadsden. The rule of Court is to this effect: " No attorney or other officer of the Court shall enter himself or be taken as bail in any criminal case, or as security in attachment, appeal or writ of error, or other proceeding in Court, on pain of being considered in contempt and of having the proceeding dismissed on account thereof." Rules of the Circuit Court, No. 3.

It is very clear that the bond is objectionable, for the reasons stated, and by the plain terms and spirit of the

6

rule, and that on that account the case must be dismissed, unless, indeed, as is contended, it is repugnant to and violates some provision of the Constitution of the State. It has not been designated, nor have we been able to find, an article having such effect. The objection rather assumes the shape of an allegation that the rule is intended for the benefit of these officers, and for their protection, but leaves them the option of signing or not, at their pleasure; that the denial of the privilege, if not extended in this manner, is injurious and unjust to them, as it creates an inferiority to other classes of citizens and deprives them of rights and capacities possessed by the latter. Plausible as this may seem to be, it yet will not, in our opinion, bear the test of investigation. Attorneys and Sheriffs are creatures of the law for a particular purpose and object connected with the high purpose of securing justice and of maintaining the rights, liberty and property of the citizen. Strange, indeed, if they may not be regulated, controlled and governed as these objects may require. They are restricted, in other respects are subject to restraints of various kinds to which other citizens are not subjected, as they have powers and capacities not possessed by the community at large. If they collect money as officers, they may be compelled to pay it by order of Court, under the penalty of fine and imprisonment. For misbehavior and malfeasance in office, they may be indicted or dismissed from office.

The object of all this is to secure good conduct from them, to promote the great ends of justice, to prevent injury and wrong to the citizen. Now, what object is there in this rule, and is not the end and purpose of it the same? A very slight consideration of it will show.

A suitor of the Court is entitled to a fair and impartial hearing, and to every facility consistent with legal provision for the assertion and maintenance of his rights, or their

defence and protection; this especially from the officers of the Court. Suppose, however, that they connect themselves with one or other of the parties, by signing a bond to maintain his suit and discharge any liability that may devolve on them, to pay whatever judgment the Court may award, what is then their position, and that of the case? Is not this officer pledged by his fortune to the suit, to the side to which he has committed himself? Is not his personal influence drawn and forced into the same channel, and has not his adversary to encounter all this, either in defence or as complainant, in the assertion and maintenance of his rights? Is not the contest widened and extended by such action, and does it not henceforth cease to be between the original parties? We do not stop to consider the possibility of this influence being wilfully exerted. There is no proof or suspicion of the kind in this case. It is sufficient that such action has the tendency to defeat and obstruct the course of justice, and may be pernicious and injurious to an extent not easily estimated.

Such a rule has existed with the sanction of the Legislature, and without question from the earliest period of the Territory. As early as the year 1654, it was a rule of the English Courts that no Attorney shall be bail in any action or suit depending therein—Tidd's Practice, 270; nor is he good bail who has received verbal promise of indemnity by attorneys of defendant. (*Ibid.* 292.)

This rule is not prohibited by the Constitution of the State, has its foundation in right and propriety and should be strictly observed and enforced. The case will be dismissed with costs.