WILLIAM SEDGWICK, APPELLANT, vs. DEWITT C. DAWKINS, APPELLEE.

An attorney of the Circuit Court is prohibited from being security in an appeal, and a violation of the rule will result in its dismissal.

Appeal from Duval Circuit Court. Motion to dismiss the appeal.

*C. P. Cooper*, for Appellee, submitted the following points on the motion to dismiss:

1. That the right of appeal is barred by the lapse of time.

2. There is no bill of exceptions filed in this case, as required by law and the rules and practice of this court.

3. There is no lawful bond or undertaking filed, apparent upon the record.

4. The costs of the court below have not been paid by the appellant.

5. After a verdict had been rendered for the defendant in the court below, and plaintiff's motion for a new trial had been denied, the plaintiff abandoned his said suit in the courts of this State, and brought a suit in the name of William Smith, a grantee in privity with the plaintiff, involving the same subject-matter, exclusively and alone against the appellee, in the Circuit Court for the Northern District of Florida, holden at Jacksonville, in said district, which resulted in a verdict and judgment in favor of defendant. The appellant is therefore estopped from prosecuting this appeal.

Sedgwick v. Dawkins.

6. The appeal is not brought by the plaintiff in the court below, or by his authority, but is brought and prosecuted by his attorney in the court below, against the wish of the plaintiff.

WESTCOTT, J., delivered the opinion of the court.

There are several grounds upon which a dismissal of the appeal in this case is urged. We consider only one, which is, that the principal to the appeal bond here executed is the attorney of record of the appellant. Under the rules of the Circuit Court, an attorney of the court is prohibited from entering himself as security in an appeal on pain of being considered in contempt, and of having the proceeding dismissed on account thereof.

It has been the practice of this court to dismiss appeals upon this ground. This court, in Love vs. Sheffelin & Co., 7 Fla. 43, remark that this rule is not prohibited by the Constitution of the State, has its foundation in right and propriety, and should be strictly observed and enforced; and such was the action in that case.

The execution of the bond by the attorney in this case is not alleged to have been done by him through mistake, nor is paragraph 2 of Sec. 271, Code, inconsistent with this rule.

That paragraph provides that, "when a party shall give in good faith notice of appeal from a judgment or order, and shall omit through mistake to do any other act necessary to perfect the appeal or to stay proceedings, the court may permit an amendment on such terms as may be just."

Under this section, it is a matter of discretion with the court whether it will allow the amendment, and the court may regulate this discretion by its rules.

There is no reason urged or given by the appellant, nor does the court see any cause for relaxation of the rule here.

The appeal is dismissed.