GEORGE A. NASH ET AL., PLAINTIFFS IN ERROR, VS. HUGH G. HAYCRAFT, AS ADMINISTRATOR, DEFENDANT IN ERROR.

APPELLATE PRACTICE—POWER OF COURT TO AMEND WRIT OF ERROR— DISABILITY OF ATTORNEY TO BECOME SURETY ON JUDICIAL BONDS.

1. Where there is a joint judgment against several defendants, all of them must join in prosecuting a writ of error therefrom, those desiring to prosecute the writ having the right to sue it out in the names of all notwithstanding the fact that some of them may refuse to join therein.

2. Where a writ of error from a joint judgment against three defendants has been inadvertently sued out and issued in the names of only two of them, this court, upon application therefor, has the power to amend such defective writ and the accompanying *scire facias ad audiendum errores* by inserting therein, as one of the plaintiffs in error, the name of the omitted defendant to the judgment below, and thereupon to issue a summons to said omitted defendant citing him to appear and join as a plaintiff in error in the prosecution of such writ, or else to submit to a severance of such writ as to him. *Held, further,* that such an amendment does not involve a question of the obtainment of jurisdiction by this court over the cause, as would be the case were there no writ of error at all, or if it were made returnable to the wrong time, or improperly executed, or as if there were no accompanying *scire facias,* or no service thereof to give jurisdiction over the person of the defendant in error.

3. Rule 5 of the Circuit Court rules prohibits attorneys from becoming surety upon bonds in appeal, writ of error or any other proceedings in the courts, on pain of being considered in contempt and of having the proceedings dismissed on account thereof: *Held,* that the giving of a bond with an attorney as surety upon a writ of error, is ground for the dismissal of such writ, as a punishment for the contempt involved in offering an attorney as surety; but, where the party giving the bond upon writ of error is innocent of any improper intention in making it up, executing and giving it in good faith under the belief that his surety was not disqualified in the particular

mentioned, this court, in the exercise of its judicial discretion, will refuse to visit the contempt, involved in an intentional infraction of the rule, with the penalty of the dismissal of the writ, but will permit the filing of a new bond with sureties not subject to the disqualification.

Writ of Error to the Circuit Court for Marion county.

The facts of the case are stated in the opinion of the court.

*Hugh E. Miller* and *Henderson & Raney*, for Plaintiff in Error.

*W. S. Bullock* and *Richard McConathy*, for Defendant in Error.

TAYLOR, J.:

The defendant in error recovered judgment in the Circuit Court of Marion county on the 14th day of October, 1893, jointly, against W. C. Jeffords, E. C. Hood, Jr., and George A. Nash, as former partners under the firm name of W. C. Jeffords & Company. From this judgment George A. Nash and E. C. Hood, Jr., alone took writ of error to this court; the writ being issued on the 14th day of December, 1893, returnable to the January Term of this court, 1894.

The defendant in error now moves to dismiss the writ of error upon the following grounds: 1st. Because the judgment sought to be reviewed is against three defendants jointly, and only two of them join in suing out the writ of error. 2nd. Because M. F. Hood, one of the sureties on the supersedeas bond filed by the plaintiffs in error, is a practicing attorney and member of the bar of said Circuit Court. The two plaintiffs in error to meet this motion make the

counter application to have the writ of error and *scire facias ad audiendum errores* amended by inserting therein the name of W. C. Jeffords, the other defendant in the judgment below, as a plaintiff in error, and for a summons to said Jeffords citing him to appear and join in the prosecution of said writ of error as plaintiff therein, or else to submit to a severance thereof as to him. Were it not for the application of the two plaintiffs in error before the court to amend their writ so as to include the third co-defendant in the judgment they seek to have reviewed, the motion of the defendant in error to dismiss would have to be granted, under the well-settled rule, that all the persons named as plaintiffs or defendants in a joint judgment must join in prosecuting a writ of error; those prosecuting the writ having the right to sue it out in the names of all, notwithstanding the fact that some of them may refuse to join therein. Standley vs. Jaffray & Co., 13 Fla., 596. After having their attention called to the defect in their writ, however, the plaintiffs in error promptly admit its existence and seek its correction by their motion to amend. The power of this court to permit such an amendment of a writ of error as is here applied for we think is settled in Loring vs. Wittich, 16 Fla., 323, and in Whitlock vs. Willard, 18 Fla., 156. The amendment here applied for does not involve a question of the obtainment of jurisdiction by this court over the cause, as would be the case were there no writ of error at all, or if it were made returnable to the wrong time, or improperly executed, or as if there were no accompanying *scire facias*, or no service thereof, to give the court jurisdiction over the person of the defendants in error. The writ of error has been sued out within, and is made returnable to, the proper time, and was properly

served by lodgment in the office of the clerk of the court below. It gives to this court jurisdiction over the cause, or the subject-matter thereof. Citation to the defendant in error has been properly served, and gives us jurisdiction over his person. The defect is a matter of form simply. The omission of the name, as a plaintiff in error, of a party who should have been joined therein does not make the writ any the less a valid one as to those parties who are named therein as plaintiffs; nor does such omission directly affect any right of the defendant in error; the only party directly affected by the omission is the party omitted, and if brought in, in the manner applied for, and given his day in court, either to prosecute the writ of error, or to signify his unwillingness to do so, no one can thereby be injuriously affected.

The preponderance of the proofs submitted upon the second ground of the motion of the defendant in error to dismiss, to the effect that M. F. Hood, one of the sureties on the supersedeas bond, is an attorney and member of the bar, and therefore disqualified from becoming a surety upon such a bond, we think is with the defendant in error, and that Mr. Hood's presence as a surety upon said bond makes it obnoxious to rule five of Circuit Court rules. Love vs. Scheffelin & Co., 7 Fla., 40; Sedgwick vs. Dawkins, 15 Fla., 572. But it appears from affidavits filed with the motion that the plaintiffs in error were really not at fault in securing the attorney, M. F. Hood, as their surety; that he told them before becoming surety on said bond that he was not an attorney and not a member of the bar. Neither does it appear that the surety was of counsel in the cause. Under these circumstances, where the party has been innocent of any improper intention in making up his bond, executing it and giving it in good faith.

believing that his surety was not disqualified, we do not think that the ends of justice demand so strict an enforcement of the rule in this case as to make it proper to dismiss the writ of error as punishment for the contempt involved in offering an attorney as surety; but, on the contrary, the ends of justice would be better subserved to permit, within a reasonable time, the filing of a new bond with sureties not subject to the disqualification of the rule.

The motion of the plaintiffs in error to amend the writ of error and *scire facias ad audiendum errores*, and for summons to the judgment defendant, W. C. Jeffords, is therefore granted. The plaintiffs in error will also be allowed thirty days within which to give a new bond, and upon their failure to give the same within that time, the motion of the defendant in error to dismiss will be granted; otherwise it will be denied.