JOHN C. WITT AND MARY WITT, APPELLANTS, VS. HENRY BAARS, TRADING AS H. BAARS & CO., AP-PELLEES.

1. A party defendant to a chancery proceeding in the Circuit Court in whose favor the bill of complaint was dismissed, and against whom no relief whatever has been granted or any liability adjudged, can not appeal. An appeal by such a party should de dismissed.

2. When a decree against several defendants is joint in form and substance one of such defendants can not prosecute an appeal therefrom in his own name alone. The proper practice in such cases is indicated in *Whitlock v. Willard*, 18 *Fla.* 156.

Appeal from the Circuit Court for Escambia county.

The facts in the case are stated in the opinion of the court.

*John Eagan* and *John S. Beard*, for Appellants.

120 SUPREME COURT.

Witt and Witt v. Baars, Trading as Baars & Co.—Opinion of Court.

*Blount & Blount*, for Appellees.

LIDDON, J.:

The appellee, who was complainant below, brought a bill to foreclose a mortgage against Henry C. Witt John Giest, John C. Witt and Mary Witt his wife. The final decree, from which appeal is taken, dismissed the bill of complaint as to the appellant Mary Witt, but adjudged "that the defendant Henry C. Witt, John Geist and John C. Witt, are indebted to the complainant, Henry Baars, in the sum of $1,469.67 principal and interest, and $28.40 costs of suit, and that they do pay the same within five days from the date hereof; and in the event of their failure so to do, then that they and all persons claiming by, through and under them be and are hereby forever barred and foreclosed," etc. From this decree only the defendants John C. Witt and Mary Witt appealed.

The bill having been dismissed as to the appellant Mary Witt, no relief whatever having been granted against her, or any liability adjudged against her or her estate, she can not appeal; and the appeal as to her should be dismissed for that reason. Loring vs. Wittich, 16 Fla. 323, text 324; 2 Ency. of Pleading and Practice, page 157; Elliott's App. Proc., sec. 147; Barrett vs. Carter, 69 Miss. 593, 13 South Rep. 625. As to all the other defendants the decree is essentially a joint one in form, and we think also a joint one in substance, from an inspection of the record. It is entered upon the same obligation. In such a case the appeal can not be prosecuted by one of the defendants in his own name alone. The proper practice in such cases is indicated in Whitlock vs. Willard, 18 Fla. 156. A discussion of the subject matter can be found in Guarantee, etc., Co. vs. Buddington, 23 Fla. 514.

No objection was made to the want of proper parties, but the objection is a vital one which we can not overlook. Any order which we might make here would necessarily affect the interest of the other defendants who are not before us. It is a fundamental principle in the administration of justice in all courts that all parties who are to be affected by the judgment of a court should be brought before it.

The appeal is dismissed.