ROBERT H. JONES AND LESLIE L. WELLMAN, AP-
PELLANTS, VS. KATE C. STEWART ET AL., APPEL-
LEES.

Unless all the parties, against whom a joint decree in substance is
rendered, unite in an appeal, or the appeal be taken in the
name of all, with summons and severance, or equivalent pro-
ceedings, as to those who refuse to join therein, the appeal
will be dismissed, in the absence of any application to bring
the proper parties before the court by amendment and neces-
sary proceedings.

Appeal from the Circuit Court for Volusia
county.

STATEMENT.

David A. Felt being indebted to Charlotte Sauls in
the sum of five hundred dollars, evidenced by promis-
sory note bearing date March 5th, 1880, executed, in
conjunction with his wife, Sarah Felt, a mortgage on
a described lot of land in Volusia county to secure the
payment of the note.    Appellees Kate C. Stewart,
assignee of said note and mortgage, and her husband,
Isaac A. Stewart, filed a bill to foreclose the mortgage
against David A. Felt, Hattie A. Felt, a minor, Robert
H. Jones and Leslie L. Wellman, and therein alleged
the execution of the note and mortgage, their assign-
ment to appellee, Kate C. Stewart, and that of the
land described in the mortgage Sarah A. Felt was
seized for life, and her husband David A. was seized
in fee.    In further statement of the tenure of Felt and
wife to the land it is alleged that Felt was seized in fee
and conveyed a life estate to Sarah A. Jones, as evi-

denced by deed filed with and made part of the bill, and that subsequently David A. and Sarah A. intermarried. It is further alleged that Sarah A. Felt had died leaving surviving her the husband, David A. Felt, and three children, Robert H. Jones, Hattie A. Felt, minor, and Florence Wellman, the last named having since died leaving her husband Leslie L. Wellman, as her sole heir. That Jones and Wellman now claim that by the terms of said deed the fee in the land has vested in them and Hattie A. Felt, and David A. has only a life estate, and that by reason of this claim, though false and erroneous, a cloud has been cast upon the title, and a sale of the property without a judicial determination of the legal ownership can not be made to advantage. The assignment of the note and mortgage to Kate C. Stewart, and other usual and necessary allegations in foreclosure bills are made. A guardian *ad litem* was duly appointed for the minor, and the usual answer filed for her.

Jones and Wellman answered and admitted the execution of the note and mortgage and the assignment to Kate C. Stewart. Certain allegations are made as to the payment of the note, but a reference to them is not necessary. As to the interest of the defendants in the land mortgaged it is alleged that David A. Felt and wife, Sarah, had only a life estate in the land, and the fee therein was vested in defendants, Jones, Hattie A. Felt and Florence Wellman, wife of Leslie L. Wellman, and Florence had died. That prior to the execution of the deed from David A. Felt to Sarah A. Jones, and referred to in the bill, negotiations for a marriage between them was pending, the said Sarah being a widow, with two children by a former marriage, to-wit: Robert and Florence, then of tender

years. That before the marriage between David A. Felt and Sarah A. Jones it was agreed between them, as one of the conditions of the marriage, that the former should convey the land in question to the latter for life, and after her death to her children, Robert and Florence, and such children as should be born of the marriage, the said David A. retaining for himself a life interest in the premises. Further, that the said agreement was made for the purpose of providing for the future maintenance and support of Sarah A. Jones and her said children, and of any children that might be born of such contemplated marriage, and was fully understood between them. Hattie A. was a child of the marriage. It is also alleged that in pursuance of such agreement and purpose the deed from David A. Felt to Sarah A. Jones was executed and delivered, and that the legal effect of the same was to vest in the said children a fee simple title subject to the life interest of David A. and Sarah A. Felt.

Exceptions to parts of the answer were sustained, and after replication the case proceeded to final hearing. The decree was that David A. Felt pay a sum adjudged to be due on the note, the cost and expenses of suit, including attorney fee, and upon default that the mortgaged premises be sold to pay the same. It was further decreed that David A. Felt was the owner in fee of the land mortgaged, and that neither Jones, Wellman or Hattie A. Felt had any interest in the premises. From this decree Robert H. Jones and Leslie L. Wellman alone appealed, and a motion is now made to dismiss the appeal because the decree appealed from is joint against all the defendants, and only Jones and Wallman have appealed, and it does not appear that the other defendants, David A. and

Hattie A. Felt, had any notice of, and refused to join in, said appeal.

Motion to dismiss Appeal.

*Isaac A. Stewart, Henderson & Raney*, for the Motion.

*B. M. Miller, Contra.*

MABRY, C. J.:

It is the settled rule of this court that unless all the parties against whom a joint decree is rendered unite in an appeal, or the appeal be taken in the names of all with summons and severance, or equivalent proceedings as to those who refuse to join therein, the appeal will be dismissed. This rule is based upon the cardinal doctrine in the administration of justice in all courts that all parties who are to be affected by the judgment of the court should be brought before it and given an opportunity to be heard.

This rule in chancery appeals obtains with as much force as in joint judgments at law where all parties against whom such judgments are rendered are required to join in the writ of error. Whitlock vs. Willard, 18 Fla. 156; Guarantee Trust & Safe Deposit Co. vs. Buddington, 23 Fla. 514, 2 South. Rep. 885; Nash vs. Haycraft, 34 Fla. 449, 16 South. Rep. 324; Witt vs. Baars, 36 Fla. 119, 18 South. Rep. 330, and Weston vs. Bonney, decided at the present term.

The Supreme Court of the United States has established the same rule, as shown by the following decisions cited by counsel for the motion here: Owings vs. Kincannon, 7 Pet. 399; Masterson vs. Herndon, 10 Wall, 416; Hampton vs. Rouse, 13 Wall. 187; Har-

dee vs. Wilson, 146 U. S. 179, 13 Sup. Ct. Rep. 39; Inglehart vs. Stanbury, 151 U. S. 68, 14 Sup. Ct. Rep. 237; Davis vs. Mercantile Trust Co., 152 U. S. 590, 14 South Rep. 693. There may be decrees in chancery rendered against several defendants where it is not necessary that all should join in an appeal in order that the decree against those desiring to appeal may be reviewed. The interest of some may not be so joint as to be affected by a decree that may be made as to the interest of those appealing. In Guarantee Trust & Safe Deposit Co. vs. Buddington, *supra*, it was held that a party who may be aggrieved by a decree in his separate interests, or several parties who may be so aggrieved as to their united interests, may take, the former his separate appeal, and the latter their joint appeals, without joining other parties adjudged against by the same decree, but united in interest in the matter decreed, as to the party or parties appealing.

In the present case the decree is, in substance and form, joint as between appellants and Hattie A. Felt. If appellants have any interest in the land in question, she has a joint interest with them by virtue of the same deed relied on, and the decree that denied them an interest in the property also adjudged that she had no interest therein. Hattie A. Felt is as much interested in the land according to the allegations of appellants' answer as either of them. She was a joint defendant with appellants, and answered by guardian *ad litem* duly appointed, and the decree adjudicated her interest in the property, as well as that of the other defendants.

Again, a reversal of the decree as to the interest of David A. Felt, and an adjudication that appellants

and Hattie A. Felt are the joint owners in fee of the land would affect the interest of the former. His interest is clearly in favor of the decree adjudging the fee to be in him, and any modification of it would affect his interest.

Although we have no brief in opposition to the motion to dismiss, we have felt an inclination not to grant it if it could be avoided, on account of the delay in bringing it forward; but the rule is imperative that the rights and interests of parties should not be adjudicated in their absence, and without an opportunity to be heard. The present case comes within the rule, in our judgment, and hence the appeal must be dismissed. Order to be entered accordingly.