THOMAS BERRY AND SADIE BERRY, *Appellants,* v. WM. S. BARNETT, *Appellee.*

Opinion on Rehearing Filed April 21, 1920.

Where a party claiming an interest in, mortgaged property takes an appeal from a decree subjecting the property to the mortgage debt and does not make the mortgagor a party to the appeal and the mortgagor does not appear in this court, the appeal may be dismissed by the court *sua sponte.*

Appeal dismissed.

*Kelsey Blanton,* for Appellants;

*A. Y. Milam,* for Appellee.

WHITFIELD, J.—It appears that Eunice Locke and Charles H. Locke executed to Wm. S. Barnett a mortgage lien upon lands in Duval County and in Hillsborough County, Florida, to secure notes given to Barnett by the mortgagors; that in proceedings brought in Duval County by Barnett to enforce the mortgage lien, Thomas Berry and Sadie Berry, his wife, were made parties defendant to protect any claim they might have in the mortgaged premises; that a decree *pro confesso* for want of plea, answer or demurrer was entered against the defendants Eunice Locke and Charles H. Locke upon whom service of process had been made; that a demurrer to the bill of complaint as to Eunice Locke and Charles H. Locke was overruled; that by answer Thomas Berry and wife asserted a right in Thomas Berry to an undivided half interest in certain of the mortgaged property in Hillsborough County by virtue of a contract of purchase and

possession thereunder, which contract was not recorded when the mortgage was executed, but Thomas Berry and wife were living on the lands with the mortgagors when the mortgage was executed, thus presenting the question whether the possession of Berry and wife was not sufficient to put the mortgagee upon inquiry and thereby to make the mortgage subject to the unrecorded contract under which the possession was had; that the court rendered a final decree in favor of the mortgagee, and from this decree only the defendants Thomas Berry and Sadie Berry, his wife, appealed, the mortgagee Wm. S. Barnett being the complainant and appellee. Thomas Berry and Sadie Berry, the defendants who appealed, did not make the other defendants, who were the mortgagors, parties to the appeal.

The decree was affirmed by this court without opinion. No question was raised as to parties and the defendants not made parties to the appeal were not injured by an affirmance of the decree, as between the parties to the appeal. An application for a rehearing was made under the rule. A rehearing was granted.

Upon a further consideration of the record, it appears that the mortgagors, Eunice Locke and Charles H. Locke, would be materially affected by a reversal of the final decree in that if a portion of the property claimed by the appellants now subjected to the mortgage debt be released therefrom on the claim of the appellants, the other defendants who were the mortgagors, would be deprived of a portion of the property that is covered by the mortgage; and such mortgagors are not brought here by the appeal and have not appeared in this court though they were served with process for appearance in the trial court. Except in special cases not material here, where

a final decree is reversed on appeal, a decree against the losing party may be directed by the Appellate Court. This being so, if proper parties were present a decree may be here directed against the mortgagor defendants and in favor of the other defendants if the equities of the case require it.  But in the absence of the mortgagor defendants as parties to the appeal, the court cannot enter a decree affecting their interests that would be binding on them; and for this reason the appeal must be and is hereby dismissed. Jones v. Stewart, 37 Fla. 369, 19 South. Rep. 657; Megin v. Filor, 4 Fla. 203.

The decree of affirmance is vacated and the appeal is dismissed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.