LORENZO A. WILSON AND W. M. MASON, JR., COPARTNERS,
DOING BUSINESS AS WILSON-MASON COMPANY, AND LAKE
BUTLER BANK, A CORPORATION, *Appellants*, v. ROSA C.
DUNCAN, AS EXECUTRIX OF THE WILL OF L. A. DUNCAN,
DECEASED, *Appellee*.

En Banc.

Opinion Filed July 6, 1925.

Where in a suit in equity by one party against three parties, the
court on final hearing dismisses one of the defendants from
the suit and renders a final decree aagnist the other two
defendants in favor of the complainant, and the two de-
fendants against whom the decree was rendered, enter an
ppeal "in their own names and in the name of" the other
defendant who was dismissed from the cause, and the appeal
expressly gives notice of its contents to the complainant and
to the dismissed defendant, the filing and recording of such
entry of appeal is not clearly sufficient to bring the dis-
missed defendant into the appellate court *as an appellee*, such
party not having appeared in the cause in this court on the
appeal. Where, on such appeal, the appellee moves to dismiss
the appeal on the ground that is was improperly taken, and it
appears that the two appellants assigned errors against the
dismissed defendant below upon the theory that such de-
fendant is duly here as an appellee in this court, and it
further appears that the time for taking a proper appeal as
to all the parties to the final decree has not expired, the
appeal will be dismissed with leave to enter a new appeal
and to request the use in the new appeal of the trans-
cript of the record already on file in the cause.

A motion to dismiss the appeal.

Appeal dismissed.

*Marks, Marks & Holt, Herbert Lamson, Telfair Knight*
and *Albion W. Knight,* for Appellants;

*Thomas W. Fielding* and *W. S. Broome,* for Appellee.

WHITFIELD, J.—In a suit by Rosa C. Duncan, Executrix, as complainant, against Lorenzo A. Wilson and W. M. Mason, Jr., copartners doing business as Wilson-Mason Company, and Lake Butler Bank as defendants, the following final decree was rendered:

"Rosa C. Duncan, as executrix of the Will of L. A. Duncan, Deceased, v. Loranzo A. Wilson and W. M. Mason, Jr., Copartners as Wilson-Mason Company, and Lake Butler Bank, a Corporation.—Accounting, etc.

### FINAL DECREE.

"This cause coming on to be heard upon final hearing, on the amended bill of complaint and the answers of the defendants and the testimony and the report of the examiner, and it appearing to the court that due notice of said final hearing was given by the complainant to the defendants, and the cause having been argued by counsel for the complainant and counsel for Wilson-Mason Company and submitted to the court for a final decision and decree, and the court being advised in all and singular the matters and things, the court does find that the equities of the cause are with the complainant, and that the defendants should account to the complainant for the cotton, goods, chattels and moneys that are mentioned in the said amended bill of complaint and as prayed for in said amended bill of complaint. And the court finds that since the institution of this suit the defendant, Lake Butler Bank, a corporation, has made such satisfactory accounting to and with the complainant with respect to the cotton, goods, chattels and moneys that the said complainant is not insisting upon any further accounting against the said Lake Butler Bank, a corporation; but that the defendants, Lorenzo A. Wilson

and W. M. Mason, Junior, copartners as Wilson-Mason Company, have not accounted, and that they should account to the complainant for the cotton, goods, chattels and moneys that they had, held and received. And from an examination made by the court of the accounts between the said defendants, the said Wilson-Mason Company, and the complainant, and the pleadings and the testimony in the cause, the court finds that upon a just and true accounting between the said complainant and the said Wilson-Mason Company that the said defendants, the said Wilson-Mason Company, are indebted to the said complainant, the said Rosa A. Duncan, as executrix of the will of L. A. Duncan, deceased, in the full sum of sixty-six thousand three hundred and sixty-one dollars and thirty-six cents ($66,-361.36), which said indebtedness now is due by those said defendants to the said complainant.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the said defendants, the said Lorenzo A. Wilson and W. M. Mason, Junior, copartners as Wilson-Mason Company, do immediately pay to the said complainant, the said Rosa C. Duncan, as executrix of the will of L. A. Duncan, deceased, the sum of sixty-six thousand three hundred and sixty-one dollars and thirty-six cents ($66,361.36), now here found to be due and by the court adjudged to be due by the said defendants to the said complainant, together with all the costs of this suit, which said costs are to be ascertained and taxed by the clerk of this court, and when said costs are so ascertained and taxed by said clerk they shall be entered in a note at the bottom of this decree, which note shall be signed by said clerk and recorded by him with this decree, and when said costs shall have been so ascertained and taxed and entered in said note signed by said clerk they shall become and be

a part of this decree the same as if said costs were written in the body hereof. It is further ordered, adjudged and decreed by the court that for the purpose of enforcing this decree the complainant may have an execution as at law, and may have any and all the processes of this court, and may have such further orders and decrees as shall be necessary. And no further relief being asked of the Lake Butler Bank, a corporation, by the complainant, that said defendant is allowed to go hence without delay.

"DONE AND ORDERED at Chambers in the City of Gainesville, Florida, on the 16th day of February, A. D. 1925.

"A. V. LONG, Judge."

An appeal from the final decree taken and recorded is as follows:

"Rosa C. Duncan, as Executrix of the Will of L. A. Duncan, Deceased, Complainant, v. Lorenzo A. Wilson and W. M. Mason, Jr., Copartners, doing Business as Wilson-Mason Company, and Lake Butler Bank, a Corporation, Defendants.

NOTICE OF ENTRY OF APPEAL.

"Comes now Lorenzo A. Wilson and W. M. Mason, Jr., copartners doing business as Wilson-Mason Company, defendants herein, and in their own names and in the name of Lake Butler Bank, a corporation, defendant, now enter this appeal from that certain order, judgment and decree of the Circuit Court of the Eighth Judicial Circuit, in and for Union County, Florida, sitting in Chancery, entitled Final Decree, made and entered in the above entitled cause, on to-wit: the 16th day of February, A. D. 1925, wherein the equities of this cause are found to be with the complainant, Rosa C. Duncan, as executrix of the will of L. A. Dun-

can, deceased, and wherein the said Lorenzo A. Wilson and W. M. Mason, Jr., copartners doing business as Wilson-Mason Company, defendants, are found to be intedbted to the said complainant, Rosa C. Duncan, as executrix of the will of L. A. Duncan, deceased, in the full sum of $66,-361.36, and costs, and wherein the defendant, Lake Butler Bank, a corporation, is allowed to go hence without day; and make the said appeal returnable before the Supreme Court of Florida, at Tallahassee, the Capital, on the 26th day of May, A. D. 1925.

"The complainant, Rosa C. Duncan, as executrix of the will of L. A. Duncan, deceased, Lake Butler Bank, a corporation, defendant, their solicitors, and all other persons interested, will please take notice of this appeal.

MARKS, MARKS & HOLT,
HERBERT LAMSON,

Solicitors for Lorenzo A. Wilson and W. M. Mason, Jr., Copartners Doing Business as Wilson-Mason Company, Defendants.

"The Clerk of the above court will please file the foregoing Notice of Entry of Appeal and record the same forthwith in the Chancery Order Book as required by law.

MARKS, MARKS & HOLT,
HERBERT LAMSON,

Solicitors for Lorenzo A. Wilson and W. M. Mason, Jr., Copartners Doing Business as Wilson-Mason Company, Defendants.

"I, S. T. Dowling, Clerk of the Circuit Court in and for Union County, Florida, do hereby certify that the Notice of Entry of Appeal, filed on the 28th day of February, A. D. 1925, in the said cause of Rosa C. Duncan, as executrix of the will of L. A. Duncan, deceased, complainant, against Lorenzo A. Wilson and W. M. Mason, Jr., copartners, doing

business as Wilson-Mason Company, and Lake Butler Bank, a corporation, defendants, was forthwith on the same day entered and recorded in Chancery Order Book One (1) on Page Sixty-two (62), of the records of said Court.

"And I further certify that the above and foregoing is a true and correct copy and a literal transcript of the record of said Notice of Entry of Appeal, as the same appears of record in Chancery Order Book One (1) page Sixty-two (62) of the records of said Circuit Court.

"In Testimony Whereof, I have hereunto set my hand and affixed the seal of said Circuit Court, this 23rd day of May, A. D. 1925.

S. T. DOWLING,

(Seal)                    Clerk of the Circuit Court of and for
Union County, Florida."

A motion is made to dismiss the appeal on the following grounds:

"1. The said appeal is a joint appeal by Lorenzo A. Wilson and W. M. Mason, Jr., copartners doing business as Wilson-Mason Company, 'in their own names and in the name of Lake Butler Bank, a corporation,' but 'no relief whatever has been granted or any liability adjudged,' against said Lake Butler Bank in the decree appealed from (36 Fla. 119) ; and, therefore, said Lake Butler Bank cannot appeal from the said decree.

"2. No joint relief may be had by the appellants in this appeal.

"3. The decree appealed from shows that Lake Butler Bank is an adversary party in the appeal of Wilson-Mason Company.

"4. Wilson-Mason Company, one of the appellants, has assigned as errors the decree of the court that is beneficial to Lake Butler Bank, the other appellant.

"Wherefore the appellee moves the court to dismiss the said appeal."

As the defendant bank was dismissed from the cause, and no relief against it was decreed, and as the defendant bank asked no relief that was denied to it by the decree, the bank could not appeal from the final decree (Witt v. Baars, 36 Fla. 119, 18 South. Rep. 330), and the defendants, Wilson-Mason Company, had no right to take an appeal for the bank. This is not a joint decree against several defendants, as in Jones v. Stewart, 37 Fla. 369, 19 South. Rep. 657.

The defendants, Lorenzo A. Wilson and W. M. Mason, Jr., had a right to appeal from the decree against them making the complainant below the appellee; and if the dismissal of the defendant bank from the cause was prejudicial or injurious to rights of the defendant Wilson-Mason Company as shown by the record of the cause, the Wilson-Mason Company could make the defendant bank a party appellee with the complainant below, Rosa C. Duncan, executrix.

This cause is in material respects different from Henry Vogt. Mach. Co. v. Milton Land & Investment Co., 74 Fla. 116, 76 South. Rep. 695. In the Vogt case priorities of liens were involved. The caption of the appeal is the same as the caption of the pleadings in the cause in the court below and the entry of appeal was sufficient to transfer the cause to this court. All the defendants below appeared to the appeal in this court. There was no attempt to definitely arrange the parties appellant and appellee in the entry of appeal except to state that one of the defendants took the appeal. The cause being not a new action as in case of a writ of error at law, but the continuation of a suit *in equity*, and *all* parties having appeared in this court under the appeal as entered, the court had jurisdiction to dispose of the cause affecting all parties, whether appellant or ap-

pellee, as equity demanded. The motion made by the complainant below, who was treated as the sole appellee here, to dismiss the appeal on the ground that all the defendants were necessary parties and they were not made parties to the appeal, was denied, because the entry of appeal was sufficient to bring the cause of action here and all the parties had submitted themselves to the jurisdiction of this court pursuant to the appeal as taken. See McJunkins v. Stevens, — Fla. —, 102 South. Rep. 756.

In this case the appellants, Wilson-Mason Company, two of the defendants below, seek to treat the bank, the other defendant below, as an appellee here. It does not clearly appear that the entry of the appeal warrants this; and the bank has not appeared here in this appeal.

In the caption and in the body of this entry of appeal, the bank appears to be made one of the parties appellant, though at the conclusion of the entry of appeal as recorded, notice of the appeal is given to the bank as well as to Rosa C. Duncan as executrix, who is apparently made a party appellee.

It is not clear that the filing and recording of the quoted entry of appeal is sufficient to bring the bank here and to bind it *as an appellee;* and as the appellants, Wilson-Mason Company, have assigned errors against the bank upon the theory that it is an appellee in the appeal, as well as against Rosa C. Duncan as executrix, who is expressly made an appellee in the appeal, and as the time for taking a proper appeal as to all the parties to the final decree, has not expired, the appeal herein is dismissed with leave to enter a new appeal with proper parties appellant and appellee, and with leave to make application to the court here, upon due notice to the adverse party, for leave to use the record now on file here upon such second appeal and to amend such

record by incorporating therein such new entry of appeal properly certified. Whitted v. Abbee, 54 Fla. 669, text 670, 45 South. Rep. 478.

It is so ordered.

WEST, C. J., AND ELLIS, TERRELL, STRUM AND BROWN, J. J., concur.