Swift<br>vs.<br>Hill.

---

## WILEY W. SWIFT vs. JOHN HILL.

*Error from Dallas Circuit Court—*Before the Hon. P. T.
HARRIS.

---

Where a judgment is rondered against two defendants, and a writ of error is prosecuted in the name of only one of them, the writ may, for that reason, may be quashed.

    A motion was made in this case, by defendant, Hill, to quash the writ of error, because it was brought in the name of Swift alone, for the purpose of reversing a judgment rendered on an appeal bond, against Swift and Harris.

    PICKENS, for Plaintiff.

    This record specifies no particular road, for failing to work on which, the party was sued. We insisted on two pleas— that we were not apportioned as the law directs—and that we did not reside in the beat.

    No person under the statute, is bound to work out of the beat where he resides, except when he is appointed by his own apportioners. In this case, we rely on the fact, that the party was never apportioned at all. But in the court below,

Swift
vs.
Hill.

the pleas were stricken out. This was error. Pleas cannot be stricken out, if they contain any substance. The pleas here contain substance—for they allege that the party was not apportioned, and that he did not reside in the beat where he was summoned to work. These are matters of defence, and consequently, matters of substance. Again, the matter was determined on the affidavit alone. The court should have demanded other evidence.

GOLDTHWAITE, *contra.*

At this time, I submit a motion to dismiss the writ of error. The writ is taken by Swift alone, when the judgment was against him and another.

But as to the merits, what is there on the record to authorise a reversal? In the case of *Nichols* vs. *Erwin*, this court has decided that nothing can be looked to, not shown by a bill of exceptions. In this case, the action of the court below, was on the evidence before it. Can this court say what that evidence was? The pleas were stricken out. How can they be brought to the notice of the court without a bill of exceptions? The effect of striking out is to remove from the record the matter rejected, and a bill of exceptions is the only mode by which that matter can be brought back. If the pleas had been disposed of on a demurrer, then it would have been different; for in this event, the action of the court is on record. How can the court know that the pleas here presented, are the same stricken out? A different set of pleas might be substituted. But look at the pleas. They are defective in this—they do not refer to the time when the liability was incurred. They refer to the time when pleaded, and to no anterior time. If the party was not a resident of the proper beat, when pleading, it does not follow that he was not when charged in liability. The plea speaks in the present tense—and the rule of law is, that it must always refer to the time when the action commenced.

PICKENS, in reply.

It cannot be said that other evidence was perhaps before the court, because the record precludes the supposition. It says, " defendant making no further defence, &c." What is said as to the bill of exceptions, cannot apply here : because the use of a bill of exceptions, is to show what the record does not show—and if the record shows a fact, the bill would be unnecessary. If the pleas were ever filed, they became part of the record; and though the party might be deprived of their benefit, yet they must remain on record. If there be no pleas sent up, when the record shows there should have been, this of itself, is ground of reversal. It was error to strike out the pleas, bebause if they did not apply, it was a ground of demurrer.

As to the motion to dismiss, it cannot be now maintained. The argument to the merits is begun, which is tantamount to a joinder in error. But if properly made now, still there is no ground of dismissal. The law does not require all the parties to join. The other party was merely a surety.


By Mr. Chief Justice SAFFOLD :

The judgment was rendered against Swift, and one William Harris, as his security in the appeal bond. The writ of error is prosecuted in the name of Swift alone; and now the defendant insists, that for this cause, the writ be quashed.

If a joinder in error could be deemed material, there is none in this case.

This court has on several occasions recognised the principle which is fatal to this writ.—(See Caller vs. Brittain— Webster vs. Yancey, et al.—Eastland vs. Jones, et al.[a] In the latter case referred to, the facts were precisely the same as in this case.

Both defendants in the judgment, should have been made parties to the writ of error ; the same not having been done the writ must be quashed.