PENELOPE L. STANDLEY, PLAINTIFF IN ERROR, VS. E. S. JAF-FRAY & CO., DEFENDANTS IN ERROR.

All the persons named as plaintiffs or defendants in a joint judgment, must join in prosecuting a writ of error, but if some refuse the others may prosecute it in the names of all without their consent.

Error to the Circuit Court of Alachua county.

The defendants in error moved to dismiss the writ of error in this case upon the grounds stated in the opinion of the court.

*J. P. Sanderson* for the motion.

*J. J. Finley contra.*

RANDALL, C. J., delivered the opinion of the court.

In this case a judgment was rendered, (if there is indeed a judgment apparent in the record,) in favor of E. S. Jaffray and others against Penelope L. Standley and Joseph M. Arnow, jointly, and a writ of error was issued at the instance of Penelope L. Standley alone.

A motion to dismiss the writ of error is made by the defendants in error, upon several grounds, the most important one being that "the judgment is a joint judgment against Standley and Arnow, and the writ of error is sued out by only one of the defendants, and there is nothing to show that the other had notice and refused to join."

The writ of error must be dismissed upon this ground. All the authorities. relating to the practice in England and in this country show that the rule is imperative, that all the persons named as plaintiffs or defendants in a joint judgment must join in prosecuting a writ of error, or if but one of them prosecute it, he must do it in the names of all or with proper notice to them and severance, and he may use the name of a co-defendant without his consent.

There is nothing in the statute authorizing a new or different practice.  If a writ of error could be prosecuted by each person against whom a joint judgment may have been rendered, there might be as many writs of error as there were persons named in the suit.  This would lead to great complication and delay.  The law, as settled, is based upon sound reason and policy.  The proper practice, where one of several persons refuse to join in the writ, is pointed out in the books.  The ground of the motion in this case is sustained in Hardwick, 135–6; 3 Burr., 1789; 1 Wilson, 88; 2 T. R., 738; 2 Bac. Abr., 461; 11 Wheat., 414; 7 Peters, 399; 5 Ala., 117; 1 Ala., 27, 183, 275; 1 Porter, 277; 4 S. & M., 732; 8 John., 565; 9 Cow., 307; 1 S. & Por., 253.

Writ of error dismissed.