JOSEPH S. PRICE, APPELLANT, VS. N. B. BROWARD, SHERIFF, ETC., APPELLEE.

1. An appeal in an action at law entered in open court before the Revised Statutes went into effect, in compliance with the statute then in force, was of itself notice to an appellee; but an attempted entry of such an appeal in violation of the statute regulating the same afforded no such notice.

2. An appeal was entered, before the Revised Statutes went into effect, within thirty days of the commencement of the next succeeding term of the Supreme Court, and was made returnable not to a day in said term, but to the next succeeding term. Held, That the appeal should have been entered to a day in the next succeeding term of the appellate court, and that the appeal entered, passing over, as it does, such term,

.   and the going to a succeeding term, was forbidden by statute, and so defective and irregular on this account as to give no notice of itself of any appeal and to cause a dismissal.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*M. C. Jordan*, for Appellant.

No appearance for Appellee.

MABRY, J.:

This is a proceeding in which the appellant entered an appeal in open court from a judgment rendered against him as plaintiff below in a replevin suit against appellee as defendant. The appeal was entered before the Revised Statutes went into effect, and within thirty days of the commencement of the next succeeding term of this court, and was made returnable not to a day in said term, but to the next succeeding term. The transcript of the record was not filed in this court until more than seven months after the return day as fixed in the appeal, but no objection has been made on this account; and, in fact, the appellee has made no appearance in this court in any manner whatever. The appeal having been taken within thirty days of a succeeding term of this court, should have been entered to a day within said term, so as to allow proper time for service of citation, but the appeal entered here, passing over as it does in express terms the next succeeding term and going to the following term, was forbidden by statute (McClellan's Digest, p. 841, section 10), and on this account is so irregular and defective as to cause a dismissal of the case here. An appeal

entered in open court as required by the statute-is notice to the appellee, but one entered in violation of the statute should not be considered as such notice. In the absence of any waiver of the defective entry of appeal in this case it should be dismissed, and it is so ordered.