ELIJAH B. CORNELL, PLAINTIFF IN ERROR, VS. C. E. FRANKLIN, SURVIVING PARTNER, ETC., DEFENDANT IN ERROR.

Appellate Practice—Amending Writ of Error—Amendment by Making New Party Plaintiff in Error Not Allowed After Lapse of Time for Suing out Such Writ.

1. The appellate court has the discretionary power to permit writs of error to be amended by inserting therein the names of necessary parties who have been improperly omitted therefrom, or to strike from it the names of parties improperly included therein. But to enable the court properly to exercise such discretion so as to bring into the writ new parties that have been omitted therefrom, the application therefor should be made *before the time limited by law for suing out writs of error has expired*. The bringing in of a new party plaintiff in error by *amendment* of the writ of error makes the *amended* writ of error, as to such new party, an entirely new writ, issued then when the amendment is made, so far as such new party is concerned, for the first time; and if, at the date of such amendment, the time limited for suing out writs of error has expired, such amended writ would be, as to such new party, a writ of error issued after the expiration of the time in which the law permits him to sue it out.

2. For the reasons stated in the first head-note this court will not hereafter exercise its discretion in favor of allowing appeals or writs of error to be amended for the purpose of bringing in omitted parties when it appears from the record that the time limited by law for taking appeals or suing out writs of error has expired as to the parties sought to be brought in by such amendment.

Writ of Error to the Circuit Court for Osceola county.

The facts in the case are stated in the opinion of the court.

*N. B. K. Pettingill* and *J. B. Whitfield,* for Plaintiff in Error.

*William Fisher* and *E. D. Beggs,* for Defendant in Error.

TAYLOR, C. J. :

At the last term, on the 7th day of December, 1897, upon reaching this case in its regular order on the docket for final determination, the court dismissed the same for the reason that the judgment from which the writ of error was taken was a *joint* one against E. B. Cornell and Isaac Morgan as copartners under the firm name of E. B. Cornell and Company, and the writ of error was sued out by and in the name of Elijah B. Cornell alone, omitting the joint-judgment-debtor and partner Isaac Morgan.

The sole plaintiff in error, Elijah B. Cornell, now moves the court to vacate the order of dismissal so entered, and to reinstate the cause upon our docket, and to allow the writ of error to be amended by inserting therein as a plaintiff in error jointly with said Elijah B. Cornell the name of his said co-judgment-debtor Isaac Morgan and, upon such amendment being made, to grant a summons to said Isaac Morgan requiring him to join in prosecuting said writ of error, or, in default thereof, that severance as to him be ordered. This application is strenuously objected to by the defendant in error upon the grounds, among others, that the application is not seasonably made, that it should have been made before

the court reached the cause and made final disposition thereof, and that it should have been made before the time had expired within which the newly proposed plaintiff in error, Isaac Morgan, could under the statute sue out a writ of error.

There is no doubt as to the discretionary power of this court to permit writs of error to be amended by inserting therein the names of necessary parties who have been improperly omitted therefrom, and to strike from it the names of parties who have been improperly included therein. But before the court can properly exercise such discretion in favor of having such an amendment made so as to bring into the writ new parties that have been omitted therefrom, the application therefor should be made *before the time limited by law for suing out writs of error has expired.* In Loring v. Wittich, 16 Fla. 323, this court permitted an amendment of the writ of error to be made by which divers parties improperly included therein as plaintiffs in error were stricken therefrom. In Whitlock v. Willard, 18 Fla. 156, that was an appeal in chancery, an amendment of the appeal by bringing in new parties was permitted, but in that case the time limited for taking appeals had not expired when the amendment was allowed, and no objection was urged against the same. In Nash v. Haycraft, 34 Fla. 449, 16 South. Rep. 324, an amendment of a writ of error bringing in an omitted party was permitted after the lapse of the time limited for suing out writs of error, but no question was raised or urged in opposition to the amendment in that case on the ground that the bar of the statute had run against the new party plaintiff in error sought to be brought in by the amendment, and the amendment was applied for before the court had reached the case for final disposition, the plaintiff in error discovering the defect in his proceeding himself and

promptly after the discovery sought, of his own motion, to remedy the same by amendment. The court, not having the question of the bar of the statute raised or suggested, did not consider the same, nor did it consider the question as to what effect such an amendment would have upon the subsequent retention of the case by this court for final adjudication in the event the question of the bar of the statute as to the newly made party were raised and urged upon the court, even though raised subsequently to the permitting of the amendment.

If one against whom a judgment has been rendered jointly with another is not joined as a party plaintiff in a writ of error sued out from such judgment by his co-defendant until after the expiration of the time limited for suing out writs of error, the amended writ of error bringing him in as a party plaintiff in error, is, as to him, an entirely new writ, issued then, so far as he is concerned, for the first time, and, as to him, is a writ of error issued after the lapse of the time in which the law permits him to sue it out. In the case of Smetters and Harris v. Rainey, 14 Ohio St. 287, it is held that all the defendants in a joint judgment are necessary parties to an appellate proceeding seeking its reversal, and that if all such defendants are not made parties to such appellate proceeding within the time limited by law for instituting such appellate proceeding, the revising court has no such jurisdiction over the subject-matter as will authorize it to reverse or modify any part of such judgment. It was further held in the same case that any such joint-judgment-debtor who is not made a party to the appellate proceeding instituted by his co-debtor until after the statutory bar, may, upon being brought in, plead such statutory bar, and such plea will oust the jurisdiction of the revising court to reverse or modify any part of the judgment. To the same effect are the cases

of Curten v. Atkinson, 29 Neb. 612, 46 N. W. Rep. 91; Hendrickson v. Sullivan, 28 Neb. 790, 44 N. W. Rep. 1135; Burke v. Taylor, 45 Ohio St. 444, 15 N. E. Rep. 471; Holloran v. The Midland Ry. Co., 129 Ind. 274, 28 N. E. Rep. 549. While we are not called upon at this time to agree or disagree with the idea held out in these cases, that the failure to make necessary parties plaintiff in error within the time limited for suing out writs of error presents, accurately speaking, a question of *jurisdiction* in this court to hear or determine the cause under any circumstances, yet we feel that the courts can not override or ignore the limitations placed by law upon the institution of all classes of legal proceedings, but must recognize such bar, and apply it whenever clearly presented and insisted upon. When a judgment is rendered jointly against two, an appellate court can not properly deal with it for review with only one of the parties before it who are jointly bound by it, for the reason that it would be passing upon and adjudicating the right of such absent party without giving him his day in court, and this the courts uniformly refuse to do. If the statute has run against such absent party so that the appellate proceeding as to him is barred, the court can not override such bar by forcing him in as a party, when such bar is claimed and urged. As before seen, this court has an undoubted discretionary power to permit appeals and writs of error to be amended by bringing in omitted parties, but, for the reasons stated, it will not hereafter exercise such discretion in favor of such amendments when it appears that the time limited by law for taking appeals or suing out writs of error has expired as to the parties sought to be brought in by such amendment.

Section 1271 Revised Statutes provides that all writs of error in civil actions shall be sued out within six

months from the date of the judgment to be reviewed, reserving to persons laboring under the disabilities of infancy, coverture and lunacy a further period of six months after their disability is removed. The judgment sought to be reversed through this writ of error was rendered on the 3rd day of October, 1893. The time allowed by law to the joint-judgment-debtor, who is now sought by this motion to be brought in as a party plaintiff in error, for suing out a writ of error has, therefore, long since elapsed, and the appellate proceeding as to him is barred, and such bar is insisted upon.

The motion to reinstate the cause, and to be allowed to amend the writ of error by making Isaac Morgan a party plaintiff therein, and for a summons and severance as to him, are, therefore, hereby denied.