JOHN BROWNING, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Appellate Practice—Writs of Error Made Returnable in Violation of Law.

A Writ of Error that is *issued* on a day *within* a term of the appellate court then pending and that is made *returnable* to a day *within the same term* violates the provisions of Section 1270 of the Revised Statutes, and is void; and a cause attempted to be brought thereby to the Supreme Court will be stricken from the dockets and dismissed.

Writ of Error to the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the Court.

*Isaac H. Trabue* for Plaintiff in Error.

*The Attorney General* for Defendant in Error.

TAYLOR, C. J.:

The plaintiff in error was convicted and sentenced for the crime of larceny of a domestic animal at the Spring term, 1898, of the Circuit Court for DeSoto coun-

ty, and seeks a review of his trial by writ of error from this court.

The writ of error in the cause was issued on the 6th day of August, 1898, during the present June term of this court, and is made returnable to the 24th day of September, 1898, a day also within the present June term of this court. Section 2972 Revised Statutes provides that writs of error in *criminal* cases shall be issued and *made returnable* as the like writs in civil cases. Section 1270 Revised Statutes making provision for the issuance, teste, service and return of writs of error in civil actions prescribes that they "shall be returnable to the first day of the next succeeding term of the appellate court, unless said first day shall be less than thirty days from the date of the writ, when it shall be made returnable to a day in such next succeeding term, more than thirty days and not more than fifty days from the date of the writ." The writ of error in this case having been made returnable in violation of this law is void, and this being true, this court is without jurisdiction to hear or determine it, and the said cause is, therefore, stricken from our dockets and dismissed. Simmons v. State decided at the present term.