C. H. RUTAN AND M. KING, *Plaintiffs in Error*, v. R. L. STUDEBAKER, *Defendant in Error*.

1. All persons against whom a joint judgment is rendered should be joined in a writ of error taken to the judgment, and if necessary summons and severance may be had in the appellate court.

2.   Where in a statutory proceeding in the circuit court to test the
     validity of an execution issued on a judgment in a claim pro-
     ceeding the judgment is against four persons, and only two take
     writ of error to the judgment and neither the defendant in
     execution nor the claimant of the property in the claim pro-
     ceeding is a party to the writ of error, it will be dismissed for
     want of necessary parties.

This case was decided by Division A.

Writ of error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the
court.

*Daniel Campbell & Son,* for Plaintiffs in Error;

*S. K. Gillis,* for Defendant in Error.

WHITFIELD, C. J.—This writ of error was taken by C.
H. Rutan and M. King to a judgment of the circuit court
for Walton county upon a statutory proceeding on an
affidavit alleging the illegality of an execution issued by
the clerk of the circuit court upon a judgment rendered
by the county judge and recorded in the office of the clerk
of the circuit court.   The judgment is against M. King
and C. H. Rutan, as principals, and against Nimrod Mc-
Guire and E. H. Miller as sureties in the bond filed with
the affidavit of illegality.   It is suggested in the brief of
counsel for the defendant in error that the writ of error
should be dismissed because the judgment to which the
writ of error issued is a joint judgment against four per-
sons while only two of them take out the writ of error.
In such cases all the persons against whom the judgment
is rendered should be joined in the writ of error and if
necessary summons and severance may be had.   Nash v.
Haycraft, 34 Fla., 449, 16 South. Rep., 324; Standley v.

Jaffray, 13 Fla., 596. It also appears that the judgment of the county judge on which the execution issued is a joint judgment against Malissa Niles, H. E. Niles, M. King and C. H. Rutan, growing out of the seizure of a boat valued at $500.00 under an execution issued by the county judge, neither the defendant in execution nor the claimant of the boat being a party to this writ of error. This being so no question is presented here for determination in which the plaintiffs in error alone are directly interested; and as a consequence, in the absence of all the parties who are directly and substantially affected by the said judgments the writ of error be and the same is hereby dismissed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.