J. C. WEST, *Plaintiff in Error*, v. A. J. JOHNSON, *Defendant in Error*.

## Opinion Filed June 17, 1913.

1. Where there is a joint judgment against several defendants, all of them must join in prosecuting a writ of error therefrom, those desiring to prosecute the writ having the right to sue it out in the names of all notwithstanding the fact that some of them may refuse to join therein.

2. The appellate court has the discretionary power to permit writs of error to be amended by inserting therein the names of necessary parties who have been improperly omitted therefrom, or to strike from it the names of parties improperly included therein. But the application therefor should be made *before the time limited by law for suing out writs of error has expired.* The bringing in of a new party plaintiff in error by *amendment* of the writ of error makes the *amended* writ of error, as to such new party, an entirely new writ, issued then when the amendment is made, so far as such new party is concerned, for the first time; and if, at the date of such amendment, the time limited for suing out writs of error has expired, such amended writ would be, as to such new party, a writ of error issued after the expiration of the time in which the law permits him to sue it out.

3. Where a judgment is joint against two defendants, and a writ of error thereto is taken by only one of the joint defendants, and no summons and severance be had, an amendment by bringing in the other joint defendant as a plaintiff in error, will not be permitted after the expiration of the time allowed by the statute to taking a writ of error, and the writ of error will be dismissed.

Writ of Error to Circuit Court of Madison County; Mallory F. Horne, Judge.

Writ of Error dismissed.

*Davis & Whitnell,* for Plaintiff in error;

*T. B. Adams,* and *W. B. Davis,* for Defendant in error.

WHITFIELD, J.—A joint money judgment was rendered against J. C. West and J. H. Edwards on October 15, 1912. On February 14, 1913, J. C. West alone took writ of error. No summons and severance was had. When the cause was submitted in May, 1913, the six months allowed by the statute for taking writ of error had expired.

Where there is a joint judgment against several defendants, all of them must join in prosecuting a writ of error therefrom, those desiring to prosecute the writ having the right to sue it out in the names of all notwithstanding the fact that some of them may refuse to join therein. Nash v. Haycraft, 34 Fla. 449, 16 South. Rep. 324.

The appellate court has the discretionary power to permit writs of error to be amended by inserting therein names of necessary parties who have been improperly omitted therefrom, or to strike from it the names of parties improperly included therein. But to enable the court properly to exercise such discretion so as to bring into the writ new parties that have been omitted therefrom, the application therefor should be made *before the time limited by law for suing out writs of error has expired.* The bringing in of a new party plaintiff in error by *amendment* of the writ of error makes the *amended* writ

of error, as to such new party, an entirely new writ, issued then when the amendment is made, so far as such new party is concerned, for the first time; and if, at the date of such amendment, the time limited for suing out writs of error has expired, such amended writ would be, as to such new party, a writ of error issued after the expiration of the time in which the law permits him to sue it out. Cornell v. Franklin, 40 Fla. 149, 23 South. Rep. 589, 74 Am. St. Rep. 131.

As the writ of error is taken by only one of two persons against whom the joint judgment is rendered, it is not properly taken and as the statutory period within which such writ may be properly taken has elapsed, an amendment is not permissible and the writ of error not properly taken, must be dismissed.

It is so ordered.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.