ALDA AYERS, *et al.,* Appellants, *v.* LINTON DANIELS, *et al.,* Appellees.

Opinion Filed May 19, 1914.

Appeals in chancery are by statute without exception required to be made returnable "more than thirty days and not more than ninety days from the date of the" entry of the appeal, and an appeal made returnable more than ninety days from its entry will be dismissed.

Appeal from Circuit Court for Hernando County; W. S. Bullock, Judge.

Appeal dismissed.

*Strauss L. Lloyd,* for Appellants;

*Davant & Davant,* for Appellees.

PER CURIAM.—This cause being reached in regular order on the docket, it appears that the appeal was taken and entered on February 23, 1914, from a "decree made and entered on the 28th day of July, A. D. 1913, also an order of the court dated 30th October, 1913, granting the right to appeal." The statute provides, without exception, that "Appeals in Chancery whether from final decrees or from interlocutory orders or decrees, must be taken within six months after the entry of the order or decree appealed from." Sec. 1907 Gen. Stats. of 1906. Appeals should be made returnable "more than thirty days and not more than ninety days from the date of the writ." Chapter 5638, Acts of 1907, Section 1912 Gen. Stats. of 1906; Spencer v. Travelers' Ins. Co., 39 Fla. 677, 23 South. Rep. 442; Parker v. Evening News Pub. Co., 54 Fla. 482, 44 South. Rep. 718; Griffith v. Henderson, 52 Fla. 507, 42 South. Rep. 705; Ates v. Langley, 61 Fla. 504, 54 South. Rep. 264. The "order of the court dated 30th October, 1913, granting the right to appeal," was made at the instance of the appellants and is not an appealable order since "appeals in chancery shall be matters of right." Sec. 1906 Gen. Stats. The appeal was taken and entered more than six months after the entry of the decree of July 28, 1913, appealed from; and the appeal made and entered February 23, 1914, is made returnable "to the Supreme Court

of Florida at its January Term, 1914, commencing on the second Tuesday in January, A. D. 1914." The appellee has not appeared in this court. As the entry of appeal is taken and entered and made returnable in violation of the statute, the appeal is hereby dismissed.

All concur.