GEORGE STONE, *et al., Plaintiff in Error,* v. THE STATE OF FLORIDA, *ex rel.,* JAMES H. LIPSCOMB, RELATOR, *Defendant in Error.*

### Opinion Filed November 11, 1914.

Where the writ of error does not appear to have been recorded as required by the statute to give the appellate court jurisdiction of the defendant in error, and there is no appearance in the appellate court for the defendant in error, the writ of error will be dismissed.

Writ of error to Circuit Court for DeSoto County; F. A. Whitney, Judge.

Writ of error dismissed.

*Wallace Chadman,* for Plaintiffs in Error;

No appearance for Defendant in Error.

WHITFIELD, J.—Mandamus proceedings were brought November 11th, 1913, to require the town authorities to place the relator's name on the ballots as a candidate for marshal at a town election held November 25th, 1913, based upon a petition endorsing the relator as a candidate for marshal. The statute authorizing the municipality to elect a marshal was amended in June, 1913, so as to make the marshal appointive and the advertisement for the election made no provision for electing a marshal. A peremptory writ of mandamus was issued November 21st, 1913, on the theory that the amending act of 1913 is unconstitutional; but a stay of proceedings was ordered by the trial judge. On May 14th, 1914, a writ of error was taken by the respondents. But the writ of error does not appear to have been recorded as required by law so as to give this court jurisdiction of the defendants in error, and there being no appearance here for the defendants in error, the writ of error should be and is hereby dismissed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.