A. L. McJUNKINS, *Petitioner*, v. JOHN M. STEVENS, *Respondent.*

Division B.

Opinion Filed January 8, 1925.

1. Where an entry of appeal is sufficient to give to the apppellate court jurisdiction of the cause, but not of all the parties thereto, and the absent parties appear in the appellate court, a pending motion to dismiss the appeal for want of proper parties will be denied.

2. An entry of appeal is used to transfer a cause on appeal to the Circuit Court; and if an entry of appeal taken by one of the parties is sufficient to give the appellate court jurisdiction of the cause, other parties who did not join in taking the appeal may appear and join in the appeal in the appellate court, and this will give the appellate court jurisdiction of the necessary parties so as to enable it to determine the appeal.

3. The rule that the appellate court will not determine the merits of an appeal from a joint judgment unless all the

parties against whom the joint judgment is rendered are before the appellate court, is not violated when an appeal under a full caption is taken by one of the defendants and the other defendant appears generally and joins in the appeal. In such a case the defendant who appears becomes a party to the appeal, making it unnecessary for the appealing defendant to have summons and severance.

4. Where the appellate court has acquired jurisdiction of the subject matter of a cause, but some of the necessary or proper parties have not been made parties to the appeal or writ of error, and the time for taking the appeal or writ of error has expired, the court will not ordinarily permit its process to be used to bring in the absent parties, though should such parties appear in the cause in the appellate court and ask to be made parties without the issuance or service of process, the court may and in proper cases should admit them as parties in the cause, so that the subject matter of the appeal may be completely determined.

5. Where the appeal or writ of error is taken in violation of the statute an express or implied appearance is of no avail.

6. The constitution or statute gives the court power to adjudicate litigated matters in classes of causes, and an appeal or writ of error or other authorized process duly taken gives a court jurisdiction to determine a particular cause.

7. While the constitution defines the appellate jurisdiction of the Supreme Court and of the Circuit Courts, it does not prescribe the means by which such appellate jurisdiction is acquired in particular cases, therefore the Legislature may prescribe such means; and if an appeal or writ of error is not taken in compliance with the statute as to the return day, the appeal or writ of error will be dismissed because taken in violation of the statute; and if jurisdiction of the appellee or defendant in error is not acquired by service of notice as required by the statute, the appeal or writ of error will be dismissed unless the appellee appears generally in the cause in the appellate court or duly waives notice.

8. An appeal or writ of error that does not include all the necessary parties appellee in the cause on appeal will be dismissed unless the entry of appeal or writ of error is sufficient to transfer the cause and to give jurisdiction of the subject-matter, to the appellate court, and those who were not duly made *appellees* or *defendants in error* in the entry of appeal or writ of error, appear in the cause in the appellate court, or unless in exceptional cases they may be brought in by due process.

9. Where an entry of appeal or writ of error is sufficient to transfer the cause to the appellate court, those who should have been but were not made parties *appellant* 'or *plaintiffs in error* in the entry of appeal or writ of error, may appear and participate in appellate proceedings; and if such parties do not so appear, the writ of error or appeal will be dismissed unless in exceptional cases an amendment of the appeal 'or writ of error can be made with summons and severance.

10. When an appellate court has acquired jurisdiction of a cause of action and of some of the parties it may decline to proceed in the absence of other necessary or proper parties or it may in some cases permit other necessary or proper parties to voluntarily appear or to be brought in by due process; and if some of the appellants decline to participate in an appeal they may in some cases be dismissed from the cause on appeal.

11. Where an appeal or writ of error is taken and all the parties who are directly affected by the judgment, decree or order appealed from, are not duly made parties in the appeal or writ of error, the court will decline to proceed because the parties who should be but are not brought into court in the case will not be bound by the appellate judgment, decree or order, and the court will not dispose of the matter by piecemeal.

12. When by appeal or writ of error taken in due time by some 'of the parties who may appeal, and the court has jurisdiction of the cause of action, it may permit the absent par-

ties to appear and participate in the appellate proceedings; in which case they will be bound by the judgment rendered. Or having jurisdiction of the cause, the appellate court may grant a summons and severance as to *parties appellant* who decline to come in, in which event the parties who do appeal may proceed without the others, all being bound by the judgment.

13. An appeal from a joint judgment taken by less than all of the parties against whom the joint judgment is rendered will be dismissed unless the appeal taken is sufficient to transfer the cause to the appellate court and all the other joint defendants appear in the appellate court and join in the appeal or unless the parties taking the appeal have summons and severance or equivalent proceedings in order to eliminate the parties who could have joined but did not join in taking the appeal so as to permit those who take the appeal to prosecute the same without the other parties, such other parties as well as those taking the appeal being then bound by the determination of the appeal.

14. Unless the statutes requiring writs of error and appeals taken to the *Supreme Court* in *civil* actions and suits to be recorded in record books of the trial court, as a means of giving the *Supreme Court* jurisdiction of the persons of the appellees or defendants in error, it is necessary that the appeal or writ of error that is recorded shall properly include *all* of the *appellees* or *defendants in error*, and if this is not done, the writ of error or appeal will be dismissed unless all those not duly made *appellees* or *defendants in error* appear in the cause.

A case of original jurisdiction.

Order quashed.

*Sabel & Reinstine,* for Petitioner.;

*Johnson & McIlvaine,* for Respondent.

WHITFIELD, J.—In the Civil Court of Record for Duval County, John M. Stevens, on October 15th, 1923, recovered a joint judgment against James H. McJunkins and A. L. McJunkins. On January 12, 1924, the following entry of Appeal to the Circuit Court was filed and recorded, and the receipt of a copy thereof was acknowledged by counsel for the defendant in error:

"John M. Stevens, Plaintiff,
vs.
James H. McJunkins and
A. L. McJunkins, Defendants.

"Notice of Entry of Appeal of A. L. McJunkins.

"Comes now A. L. McJunkins, one of the defendants sued herein, and hereby gives notice of appeal, and enters her appeal from the final judgment herein rendered, to wit: October 15th, 1923, in favor of John M. Stevens.

"This Appeal is made returnable before the Circuit Court for Duval County, Florida, on the 1st day of March, 1924, being a day more than thirty and not more than ninety days from the filing hereof."

On March 10, 1924, the Appellee in the Circuit Court, John M. Stevens, moved to dismiss the Appeal on the ground that the "Court had no jurisdiction of said Appeal."

On March 13, 1924, the following appearance was filed:

"In the Circuit Court, Duval County, Florida.

John M. Stevens, Plaintiff,
vs.
James H. McJunkins and
A. L. McJunkins, Defendants.

"I hereby acknowledge notice of Appeal in the above cause and waive summons and waive severance.

                    J. H. McJunkins,
            One of the Defendants in the above cause."

Filed March 13, 1924.

Upon the motion to dismiss the Appeal the following order was made on May 29, 1924:

"This cause came on this day on the motion of the Appellee, John M. Stevens, to dismiss the said. Appeal because of the lack of jurisdiction, and it appearing to the Court from inspection of the record herein that said Appeal was taken by the Appellant, A. L. McJunkins, from a judgment jointly against said Appellant, and one James H. McJunkins, and that there was no summons and severance or equivalent proceeding in order to give this Court jurisdiction of the said James H. McJunkins; and it further appearing to the Court, that the appearance and waiver of summons and severance filed herein on March 13, 1924, by said James H. McJunkins was filed after the time had expired for the taking of appeal from said judgment appealed from, and is ineffectual to give this Court jurisdiction to hear and determine said cause; and it is, therefore, in consideration of the premises,

"Ordered, adjudged and decreed that the said motion to dismiss the said appeal be and the same is hereby granted, and the said appeal is hereby dismissed at the cost of the appellant, A. L. McJunkins, to be taxed by the Clerk of this Court. It is further ordered that the mandate of this Court do issue to the Civil Court of Record of Duval County, Florida, with a certified copy of this judgment attached within not less than ten, nor more than thirty days from the date hereof, and that the Clerk of

this Court do, at said time, transmit to said Civil Court of Record the record sent up in said cause.''

A Writ of certiorari was allowed by this Court.

. The statutes provide: ''Any judgment of a County Court, County Judge's Court or Justice of the Peace Court of this State may be reviewed by the proper Appelate Court having jurisdiction of the appeal, in the following manner:

'' (1) If there be matters in pais which require a Bill of Exceptions, such Bill of Exceptions shall be prepared, presented and filed with the Judge of the Court within sixty days after the adjournment of the Court in the same manner and subject to the same rules and regulations in regard to settling and signing the same as prevail in Circuit Courts.

'' (2) The party appealing shall enter his written notice of appeal by filing the same with the Clerk, or Judge if there be no Clerk, and a copy of such entry of appeal shall be served upon the defendant in error, or his attorney, or the State's Attorney, if the appeal be taken in a criminal case, and such entry of appeal filed shall be forthwith entered of record in the cause being appealed and shall give the Appellate Court full and complete jurisdiction of the subject matter and the parties without the service of any process whatsoever.

'' (3) Appeals under this Act shall be made returnable before the proper Appellate Court not less than thirty nor more than ninety days from the filing thereof, and shall be sued out within three months from the date of rendition of the judgment.'' Section 1, Chap. 7841, Acts of 1919.

''The Circuit Courts shall have Appellate jurisdiction in all cases decided by the Civil Courts of Record, in the same manner and with the same limitations as now or

hereafter prescribed as to Appellate jurisdiction of cases in the County Court.'' Sec. 11, Chap. 8521, Acts of 1921.

In Cornell v. Franklin, 40 Fla. 149, text 153, 23 South. Rep. 589, it is said: ''When a judgment is rendered jointly against two, an Appellate Court can not properly deal with it for review with only one of the parties before it who are jointly bound by it, for the reason that it would be passing upon and adjudicating the right of such absent . party without giving him his day in Court, and this the Courts uniformly refuse to do. If the statute ' has run against such absent party so that the Appellate proceeding as to him is barred, the Court can not override such bar by forcing him in as a party, when such bar is claimed and urged. As before seen, this Court has an undoubted discretionary power to permit Appeals and Writs of Error to be amended by bringing in omitted parties, but, for the reasons stated, it will not hereafter exercise such discretion in favor of such amendments when it appears that the time limited by law for taking appeals or suing out Writs of Error has expired as to the parties sought to be brought in by such amendment.''

Where an entry of appeal is sufficient to give to the Appellate Court jurisdiction of the cause, but not of all the parties thereto, and the absent parties appear in the Appellate Court, a pending motion to dismiss the appeal for want of proper parties will be denied. Henry Vogt Mach. Co. v. Milton Land & Investment Co., 74 Fla. 116, 76 South. Rep. 695.

In this case it is not sought to make J. H. McJunkins a party appellant ''by forcing him in as a party''; (40 Fla. 149) ; nor is an amendment sought for ''bringing in new parties appellant'' (Lowe v. Delaney, 54 Fla. 480, 44 South. Rep. 710), nor is the entry of the appeal fatally defective as in State ex rel. Andreu v. Canfield, 40 Fla.

36, 23 South. Rep. 591, or made returnable in violation of the statute as in DeBogory v. Hafleigh, 81 Fla. 621, 88 South. Rep. 470; Ayers v. Daniels, 67 Fla. 482, 65 South. Rep. 660; Read v. Cromer, 86 Fla. 390, 98 South. Rep. 329; but the entry of appeal is properly returnable and contains in its caption as appellants the two defendants in the trial Court and as appellee the sole plaintiff in the trial Court, though only one of the defendants takes the appeal. This is sufficient to transfer the cause and to give jurisdiction of the cause to the Appellate Court (Henry Vogt Mach. Co. v. Milton Land & Investment Co., 74 Fla. 115, text 118, 76 South. Rep. 695); and as the defendant in the trial Court who did not join in the appeal voluntarily appeared in the Appellate Court and expressly waived summons and severance, the Court had jurisdiction of the cause and of all the parties; and the fact that one of the appellants appeared and joined in the appeal after the expiration of the time for taking the appeal, does not affect the jurisdiction of the Appellate Court to determine the subject matter of the appeal. In West v. Johnson, 66 Fla. 4, 62 South. Rep. 913, the joint judgment defendant did not appear and ask to be made a party appellant. See also Rutan v. Studebaker, 60 Fla. 184, 53 South. Rep. 9381; Stanley v. Jaffrey & Co., 13 Fla. 596; State ex rel. Andreu v. Canfield, 40 Fla. 36, 23 South. Rep. 591; Cornell v. Franklin, 40 Fla. 149, 23 South. Rep. 589; Stovall v. Stovall, 77 Fla. 116, 80 South. Rep. 744.

An entry of appeal is used to transfer a cause in appeal to the Circuit Court; and if any entry of appeal taken by one of the parties is sufficient to give the Appellate Court jurisdiction of the cause, other parties who did not join in taking the appeal may appear and join in the appeal in the Appellate Court, and this will give the Appellate Court jurisdiction of the necessary parties so as to

enable it to determine the appeal. The rule that the Appelate Court will not determine the merits of an appeal from a joint judgment unless all the parties against whom joint judgment is rendered are before the Appellate Court, is not violated when an appeal under a full caption is taken by one of the defendants and the other defendant appears generally and joins in the appeal. In such a case the defendant who appears becomes a party to the appeal, making it unnecessary for the appealing defendant to have summons and severance.

Where the Appellate Court has acquired jurisdiction of the subject matter of a cause, but some of the necessary or proper parties have not been made parties to the appeal or Writ of Error, and the time for taking the appeal or Writ of Error has expired, the Court will not ordinarily permit its process to be used to bring in the absent parties (State ex rel. Andreu v. Canfield, 40 Fla. 36, 23 South. Rep. 591; Cornell v. Franklin, 40 Fla. 149, 23 South. Rep. 589; Chamberlain v. Finley, 40 Fla. 91, 23 South. Rep. 559), though should such parties appear in the cause in the Appellate Court and ask to be made parties without the issuance or service of process, the Court may and in proper cases should admit them as parties in the cause, so that the subject matter of the appeal may be completely determined. Vogt. Mach. Co. v. Milton Land & Investment Co., 74 Fla. 116, 76 South. Rep 695.

Where the appeal or Writ of Error is taken in violation of the statute an express or implied appearance is of no avail. DeBogory v. Hafleigh, 81 Fla. 631, 88 South. Rep. 470; Reed v. Cromer, 86 Fla. 390, 98 South Rep. 329; Driggs v. Higgins, 19 Fla. 103; Griffith v. Henderson, 52 Fla. 507, 42 South. Rep. 705; Anderson v. State, 73 Fla. 86, 74 South. Rep. 6; Browning v. State, 40 Fla. 466, 25 South. Rep. 62; Simmons v. State, 40 Fla. 467, 25 South.

Rep. 62; Payne v. Roche, 41 Fla. 478, 27 South. Rep. 29; Fleming v. Fleming, 40 Fla. 154, 23 South. Rep. 571; Savannah, .F. & W. Ry. Co. v. Justice, 41 Fla. 508, 26 South. Rep. 704; Price v. Broward, 39 Fla. 194, 22 South. Rep. 650; Player v. Bokenfehr, 40 Fla. 415, 34 South. Rep. 472.

The Constitution or statute gives a Court power to adjudicate litigated matters in classes of causes, and an appeal or Writ of Error or other authorized process duly taken gives a Court jurisdiction to determine a particular cause.

While the Constitution defines the appellate jurisdiction of the Supreme Court and of the Circuit Courts, it does not prescribe the means by which such appellate jurisdiction is acquired in particular cases, therefore the Legislature may prescribe such means; and if an appeal or Writ of Error is not taken in compliance with the statute as to the return day, the appeal or Writ of Error will be dismissed because taken in violation of the statute (Spencer v. Travelers' Ins. Co., 39 Fla. 677, 23 South. Rep. 44; Ayers v. Daniels, 67 Fla. 482, 65 South. Rep. 660) ; and if jurisdiction of the appellee or defendant in error is not acquired by service of notice (Pyles v. Beall, 37 Fla. 549, 20 South. Rep. 775), or by recording (Garrison v. Parsons, 41 Fla. 143, 25 South. Rep. 336) as required by the statute, the appeal or Writ of Error will be dismissed (Whitted v Abbe, 54 Fla. 669, 45 South. Rep. 478; Stone v. State, 68 Fla. 248, 67 South. Rep. 163) unless the appellee appears generally in the cause in the Appellate Court or duly waives notice. See Southern States Land & Timber Co. v. Lowe, 61 Fla. 775, 55 South. Rep. 73. An appeal or Writ of Error that does not include all the necessary parties appellee in the cause on appeal will be dismissed. (Ferris v. Ferris, 43 Fla. 358, 31 South. Rep. 345; Buck v. All Parties, 86 Fla. 86, 97

South. Rep. 313) unless the entry of appeal or Writ of Error is sufficient to transfer the cause, and to give jurisdiction of the subject-matter, to the Appellate Court, and those who were not duly made *appellees* or *defendants in error* in the entry of appeal or Writ of Error, appear in the cause in the Appellate Court (Lonergan v. Peebles, 74 Fla. 123, 76 South. Rep. 694), or unless in exceptional cases they may be brought in by due process; and where the entry of appeal or Writ of Error is sufficient to transfer the cause to the Appellate Court, those who should have been but were not made parties *appellant* or *plaintiffs in error* in the entry of appeal or Writ of Error, may appear, and participate in appellate proceedings; and if such parties do not so appear, the Writ of Error or appeal will be dismissed unless in exceptional cases an amendment of the appeal or Writ of Error can be made with summons and severance.

When an Appellate Court has acquired jurisdiction of a cause of action and of some of the parties it may decline to proceed in the absence of other necessary or proper parties or it may in some cases permit other necessary or proper parties to voluntarily appear or to be brought in by due process; and if some of the appellants decline to participate in an appeal they may in some cases be dismissed from the cause on appeal.

Where an appeal or Writ of Error is taken and all the parties who are directly affected by the judgment, decree or order appealed from, are not duly made parties in the appeal or Writ of Error, the Court will decline to proceed because the parties who should be but are not brought into Court in the case will not be bound by the appellate judgment, decree or order, and the Court will not dispose of the matter by piecemeal. But when by appeal or Writ of Error taken in due time by some of the parties who may

appeal and the Court has jurisdiction of the cause of action, it may permit the absent parties to appear and participate in the appellate proceedings, in which case they will be bound by the judgment rendered. Or having jurisdiction of the cause, the Appellate Court may grant a summons and severance as to *parties appellant* who decline to come in, in which event the parties who do appeal may proceed without the others, all being bound by the judgment.

An appeal from a joint judgment taken by less than all of the parties against whom the joint judgment is rendered will be dismissed unless the appeal taken is sufficient to transfer the cause to the Appellate Court and all the other joint defendants appear in the Appellate Court and join in the appeal or unless the parties taking the appeal have summons and severance or equivalent proceedings in order to eliminate the parties who could have joined but did not join in taking the appeal so as to permit those who take the appeal to prosecute the same without the other parties, such other parties as well as those taking the appeal being then bound by the determination of the appeal.

Under the statutes requiring Writs of Error and appeals taken to the *Supreme Court* in *civil* actions and suits, to be recorded in record books of the trial court, as a means of giving the *Supreme Court* jurisdiction of the persons of the appellees or defendants in error, it is necessary that the appeal or Writ of Error that is recorded shall properly include *all* of the *appellees* or *defendants in error* and if this is not done, the Writ of Error or appeal will be dismissed unless all those not duly made *appellees* or *defendants in error* appear in the cause.

Under Chapter 7841, Acts of 1919, and Chapter 8521, Acts of 1921, regulating appeals from Civil Courts of Re-

cord, County Courts, County Judge's Courts and Justices of the Peace to the Circuit Courts, a "written notice of appeal" is required to be filed in the trial court, and a copy "served upon the defendant in error, or his attorney" and the entry of appeal "entered of record in the cause being appealed." This gives the Appellate Court "jurisdiction of the subject-matter and the parties."

Where, as here, the entry of appeal is taken and recorded in due time and contains in its caption the names of all parties in the cause, and the appeal is taken by only one of two judgment defendants, such entry of appeal gives the Circuit Court jurisdiction of the subject-matter of the cause and of the appellee, as well as of the one appellant; and having such jurisdiction, the Court could allow the one appellant to proceed upon summons and severance *duly* taken as to the other joint defendant, or it could allow the other joint judgment defendant to appear in the cause and participate in the appellate proceedings. In the latter event no process of the Court is needed. In either case such party would be bound by the judgment rendered disposing of the entire matter. The appearance in this case gave the Court jurisdiction of the two judgment debtor defendants before the motion to dismiss was disposed of, and the Court should have recognized the appearing party as an appellant in the cause so that there could be a judgment on the merits of the appeal in the cause that would be binding on all parties directly affected by it.

The final order of the Circuit Court dismissing as for want of jurisdiction the appeal from the Civil Court of Record is quashed, and the Court will determine the appeal on its merits if it is otherwise properly presented.

It is so ordered.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.