WILLIAM H. ARNOLD and GLENWOOD ARNOLD, *Petitioners in Error,* v. E. E. BOYCE as Sheriff of St. Johns County, *Respondent in Error.*

En Banc

Opinion filed April 4, 1929.

Petition for rehearing denied May 13, 1929.

*H. A. Anderson, J. J. Canon* and *Hilburn & Merriday* for Plaintiffs in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant for Defendant in Error.

PER CURIAM.—In this case an inspection of the record discloses that the writ of error was made returnable to a date more than ninety days after the date of the issuance of the writ. Therefore, the Court is without jurisdiction in the cause and the writ of error must be dismissed. It is so ordered.

Dismissed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.

Opinion filed May 13, 1929.

PER CURIAM.—Fact that Supreme Court stood in recess on date at which writ of error was applied for did not war-

rant making writ returnable at date more than 90 days after its issuance, since court had not adjourned and term of court is continuous from commencement thereof until beginning of succeeding term.

## PETITION FOR REHEARING.

In this case an order was made dismissing the writ of error because the writ of error was made returnable to a date more than ninety days after the date of the issuance of the writ.

A petition for rehearing was filed in which it is suggested that the writ of error was applied for on the 27th day of August and that because the Court was not in session the writ had to be made returnable to the first day of the next term of the Court. Counsel are laboring under a misapprehension. There has not been a time for a number of years past that the Supreme Court was not in session within the purview of the statute involved. At the time the Act under consideration here became effective the sessions of the Supreme Court were short. There were two terms commencing respectively on the second Tuesday in January and June of each year. Not all the time of the Court was required to dispose of the cases and other business then before it and so when the Court had finished all cases ready to be disposed of and had transacted such other business as was necessary to be disposed of during that term of the Court it adjourned, subject to be convened in special term, or until the next regular term of the Court. That condition no longer obtains. For a number of years there has been no adjournment of one term of the Court until immediately preceding the beginning and convening of the next succeeding term of the Court. The Court does at times stand in recess for a few days and during the hottest and most oppressing part of Summer these periods of

recess for necessary rest and rehabilitation of the Justices obtain for a few weeks, but during all. of such times some members of the Court remain at the post of duty and a majority of the members of the Court sufficient to constitute a quorum are at all times available to be called in on short notice, should any exigency arise requiring their presence in the Court.

On the 27th day of August, 1928, the Court stood in recess but the June Term of the Court of 1928 had not adjourned and the session thereof continued without adjournment up until the beginning of the succeeding term which began on the second Tuesday in January, 1929.

This Court in Carter v. State, 65 Fla. 347, 61 So. R. 591, say: "In allowing writs of error in *habeas corpus* cases, the judge would facilitate the administration of justice by directing that the writ be made returnable at the earliest practicable day, in order to avoid needless delays in these important proceedings. The writ in this case was allowed on December 21, 1912. It was issued on the same day and as directed by praecipe was made returnable on March 10, 1913, which has caused an unnecessary delay."

The petition for rehearing is denied.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.