ELSIE PICOT v. FRANK W. PICOT.

173 So. 433.

Opinion Filed March 29, 1937.

*James M. Carson,* and *Lewis W. Petteway,* for Appellant;

*A. J. Rose,* for Appellee.

PER CURIAM.—Where a notice of entry of appeal in a chancery case has been filed under Section 4964 C. G. L., 3172 R. G. S., Section 4965 C. G. L., 3173 R. G. S., contemplates that a return day for such appeal shall be specified therein and that such return day shall be "more than" thirty days and not more than ninety days from the date of entry of appeal, else the entry of appeal is insufficient and the appeal will be dismissed.

Amendments to entries of appeal in the appellate court are permissible, but an amendment can not be allowed after

the expiration of the time limited by law for taking appeals. This is so, because by the expiration of the time limited by law for taking an appeal in the first instance, the potential jurisdiction of the appellate court over the subject matter of the appeal terminates, and the appellate court is then no longer possessed of authority to permit an amendment that would be in the nature of a new appellate process beyond the competence of the Court to issue for the purpose of bringing the matter appealed and the parties to it, into the appellate court. See: Driggs v. Higgins, 19 Fla. 103; Lowe v. DeLaney, 54 Fla. 480, 44 Sou. Rep. 710; Brooks v. Miami Bank & Trust Co., 115 Fla. 141, 155 Sou. Rep. 157; Ayers v. Daniels, 67 Fla. 482, 65 Sou. Rep. 660; McJunkins v. Stevens, 88 Fla. 559, 102 Sou. Rep. 756; Spencer v. Travelers' Ins. Co., 39 Fla. 677, 23 Sou. Rep. 442; Arnold v. Boyce, 97 Fla. 484; 121 Sou. Rep. 472, 122 Sou. Rep. 117; Ates v. Langley, 61 Fla. 504, 54 Sou. Rep. 264; Gadsden v. State, 76 Fla. 543, 80 Sou. Rep. 308; East Coast Lbr. Co. v. Walter Walten Co., 87 Fla. 326, 100 Sou. Rep. 738; Buck v. All Parties, Etc., 86 Fla. 86, 97 Sou. Rep. 313; Anderson v. State, 73 Fla. 86, 84 Sou. Rep. 6; DeBogery v. Hafleigh, 81 Fla. 631, 88 Sou. Rep. 470.

In this case the notice of entry of appeal was filed on December 11, 1936, to a final decree entered on July 31, 1936. The entry of appeal was recorded in the Chancery Order Book on December 12, 1936, and, as recorded, specifies the return day of the appeal as being March 2nd, 1936, an obviously impossible and consequently unauthorized, return day, made so, no doubt, through a typographical error which changed the date from March 2, 1937, the intended date, to March 2, 1936, the erroneous date.

Considering that the fact of typographical error is established, and conceding also that no one has in fact been

misled by the clerical misprision that has occurred, and that the transcript of the record has been duly prepared and filed in the Supreme Court before March 2, 1937, the intended return date, and a copy of the same timely served upon opposing counsel, the fact remains that the entry of appeal is defective and incapable of now being amended, as we have many times before held, and this being true, the appellate court has no choice other than to follow its previous holdings and dismiss the appeal upon appellee's motion calling attention to the defect. The cited case of Forcum v. Symmes, 101 Fla. 1266, 133 Sou. Rep. 88, relied upon by appellee is not inconsistent with the previous holdings dealing with defects as to return days but is to be considered as being in line therewith when properly interpreted.

Motion to amend entry of appeal denied.

Motion to dismiss appeal granted.

WHITFIELD, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.