## J. A. CANTOR ASSOCIATES, Inc. v. WOOLIN.

Circuit Court, Dade County, Civil Appeal.
July 17, 1952.

———•———

Pace, Sigman & Gilbert, Allen M. Thompson of counsel, Miami Beach, for appellant.

Herbert N. Schwartz and L. J. Cushman of Cushman, Gay & Woodard, both of Miami, for appellee.

### N. VERNON HAWTHORNE, Circuit Judge.

In the civil court of record on February 11, 1952 (dates hereinafter mentioned are all in 1952) the plaintiff in a suit for a real estate broker's commission obtained a judgment against the defendant in the sum of $5,612.50 and costs. This is purportedly an appeal from that judgment.

Upon examination of the record transmitted to this court pursuant to section 33.11(2), Florida Statutes 1951, it appears that J. A. Cantor Associates, Inc., a Florida corporation, recovered judgment against David M. Woolin, defendant, in case no. 43348 on February 11 and that the judgment was duly filed on that day and recorded on the next day in civil court of record minutes no. 76 at page 495.

On March 4 the court entered an order recorded in civil court of record minutes no. 77 at page 146 denying defendant's motion for a new trial. On March 18 the court entered an amended order recorded in the same minutes no. 77 at page 296 denying defendant's motion for a new trial and motion for judgment notwithstanding the verdict. On the same day, March 18, a stipulation was filed that—

> The bond on the appeal of said David M. Woolin, from the order of March 18, 1952, denying defendant's motion for new trial or in the alternative, judgment notwithstanding the verdict, is hereby set at the sum of $6,000.00; and that order to that effect approved by the attorneys for the parties may enter upon the filing of this stipulation.

On the same day, March 18, the court entered an order reading as follows—

> On reading and filing the stipulation of the parties hereto, through their respective attorneys of record, and being duly advised in the premises,

> It is hereby ordered that defendant file bond on appeal from the order of this court heretofore entered, *March 18th,* 1952, denying defendant's motion for new trial or in the alternative judgment notwithstanding the verdict, in the sum of $6,000.00. (Italics supplied.)

and it appears from the record (see clerk's receipt) that the supersedeas bond, in accordance with the stipulation and order, was duly filed on March 25. On the same day, March 25, notice of appeal was filed on behalf of the defendant, reading as follows—

> The defendant, David M. Woolin, does hereby take and enter his appeal to the circuit court of the 11th judicial circuit, in and for Dade

County, Florida, from the judgment of the civil court of record, in and for Dade County, Florida, heretofore entered against defendant in the above cause. All parties to the above cause are called upon to take notice of the entry of this appeal.

The notice of appeal is entitled "J. A. Cantor, Inc., a Florida corporation, plaintiff, v. David M. Woolin, defendant"—although as heretofore pointed out the record discloses that *J. A. Cantor Associates, Inc.*, a Florida corporation, recovered judgment against the defendant on February 11.

On May 7 the appellee filed a motion to dismiss the appeal on the ground that the notice of appeal set forth above was insufficient to confer jurisdiction over the subject matter upon this court sitting as an appellate court.

After the filing of the motion to dismiss the appeal, the appellant filed a motion for leave to amend the notice of appeal to show that the judgment appealed from was the judgment bearing date of February 11.

The cause is thus before the court on appellee's motion to dismiss the appeal and appellant's motion for leave to amend the notice of appeal.

There can be no doubt but that the notice of appeal set forth in full above was insufficient to confer jurisdiction on this court over the subject matter of the alleged appeal. See Brown v. Louisville Fire & Marine Ins. Co., Inc. (Fla.), 47 So. 2d 862.

In considering the effect of the notice of appeal the stipulation and order fixing supersedeas bond must also be considered and the three construed together—because it is the notice of appeal which operates as a supersedeas upon the filing of the bond as fixed by the court.

Construing the stipulation and order fixing supersedeas bond with the notice of appeal, the notice of appeal must be considered to be an appeal from an order dated March 18—the order denying defendant's motion for a new trial or in the alternative judgment notwithstanding the verdict.

Thus the question before the court is—can the appellant, by a motion filed long after the expiration of the time for taking an appeal fixed by section 33.11(1), Florida Statutes 1951, amend a notice of appeal wholly insufficient to confer jurisdiction on the appellate court and which if so amended would change entirely the basis of the appeal?

On the authority of Brooks v. Miami Bank & Trust Co. (Fla.), 156 So. 157 and Picot v. Picot (Fla.), 173 So. 433, the answer must be in the negative. In the Brooks case the appellant had made his appeal returnable on a Sunday and after the expiration of the time for taking an appeal sought to amend to change the return day to another day admittedly within the time permitted by law—but the Supreme Court held the notice of appeal returnable on Sunday null and void and ineffectual to confer jurisdiction on the appellate court, and not subject to amendment after expiration of the time for taking an appeal.

In the Picot case the error for which leave to amend was sought was conceded to be a mere typographical error. The notice of appeal was filed on December 11, 1936 and made returnable March 2, 1936—"an obviously impossible and consequently unauthorized, return day, made so, no doubt, through a typographical error which changed the date from March 2, 1937, the intended date, to March 2, 1936, the erroneous date." The Supreme Court said that even though it be conceded that the error was merely typographical and "that no one has in fact been misled by the clerical misprision which has occurred" the notice was fatally defective "and incapable of now being amended"—and denied the motion for leave to amend and dismissed the appeal.

It follows from the authorities quoted that the same rule must apply in this case and accordingly the appellant's motion for leave to amend the notice of appeal must be and is hereby overruled and the appellee's motion to dismiss the appeal must be and the same hereby is granted. Appeal dismissed.