THOMAS, Justice
(dissenting).
This case is here upon the suggestion of Russel Reichard and Marjorie Reichard for writ of prohibition against the honorable judges of the District Court of Appeal of the Second District.
The litigation originated in the Circuit Court of Broward County when Russel Reichard and Marjorie Reichard, his wife, instituted an action against Paul Dye each claiming damages for assault and battery. The complaint contained two counts, one for injury to the husband, the other for injury to the wife. There was one trial but two verdicts were returned, one in favor of each plaintiff, and two judgments were entered. No derivative claim was involved. The defendant then filed a single notice of appeal from both judgments whereupon the successful plaintiff filed a motion to dismiss.
The District Court of Appeal denied the motion as will appear from an opinion recorded in Dye v. Reichard, 169 So.2d at page 39, but the court did so conditionally. The disposition of the motion to dismiss is not in the main challenged now, but upon granting it the court allowed the appellant, Dye, thirty days to amend by selecting the judgment he proposed to attack and imposed the condition that “[fjailure to do so [would] result in both purported appeals being dismissed.” (Italics supplied.)
The effect of the court’s ruling in the first instance was that the notice of appeal was not so entirely invalid as to justify outright dismissal and in the second instance that it was not so bad that it could not be amended according to appellant’s *344 choice of the phase he wished to press, but that if he did not make such an election within an arbitrarily selected period, the notice would thereupon be so invalid as to require dismissal. And as I understand it the amendment was permitted after the time for appeal expired. The amendment was obviously material as is demonstrated by the action of the court in consigning the appeal to limbo in event no amendment was made.
I think the law is settled that a material change may not be made in a notice of appeal after expiration of the appeal period. Picot v. Picot, 127 Fla. 591, 173 So. 433. The notice of appeal must identify the judgment from which the appeal is taken and in the present situation definite identity of it could not have been known until the appellant exercised his choice — all after the period for appeal has expired. Brown v. Louisville Fire and Marine Insurance Co., Fla., 47 So.2d 862.
As Mr. Justice Thornal said in Counne v. Saffan, Fla., 87 So.2d 586, it is the “filing of the notice of appeal that gives this court jurisdiction of the subject matter and the parties to the appeal. * * * The filing of the notice of appeal is jurisdictional and this court is without power to exercise its jurisdiction in the absence of the filing of such a notice within the time and manner prescribed by our rules.” (Italics supplied.) In a later opinion, he reiterated the pronouncement. State ex rel. Diamond' Berk Ins. Agency v. Carroll, Fla., 102 So. 2d 129.
In State ex rel. Dedmon v. Carroll, Fla.,. 151 So.2d 5, Mr. Justice O’Connell wrote-that “such notices [of appeal] are * * * by far the most important of all documents-which are necessary in an appeal” although' he recognized the liberality that had been indulged on occasion in the “ ‘interest of manifest justice’ ” citing Seaboard Air Line R. R. v. Holt, Fla., 80 So.2d 354.
But I cannot conclude that in this case counsel for the appellant can single out the judgment he belatedly prefers and thereby make any reference to the other one sur-plusage, as indicated by the District Court of Appeal in its opinion.
It is my view that the notice of appeal did not vest jurisdiction in the District Court of Appeal either to determine the cause or to permit amendment of the notice.
Therefore I dissent from the judgment discharging the rule nisi.
CALDWELL, J., concurs.